**Ji LIN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 03–4521.

United States Court of Appeals, Second Circuit.

June 14, 2004.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review of the March 12, 2003 order of the Board of Immigration Appeals ("BIA") is DENIED.

Tao Lin, Caesar & Napoli, New York, New York, for Petitioner.

Andrew W. Schilling, Assistant United States Attorney (Sara L. Shudofsky, Assistant United States Attorney, on the brief) for David N. Kelley, United States Attorney, Southern District of New York, New York, New York, for Respondent.

Present: MINER, RAGGI, Circuit Judges, and MARRERO,* District Judge.

## SUMMARY ORDER

Petitioner Ji Lin, a citizen of China, seeks review of the BIA's March 12, 2003 order summarily affirming an Immigration Judge's ("IJ") denial of Lin's application for asylum and withholding of removal based on China's restrictive family planning policies. We assume familiarity with the agency proceedings and hereby deny the petition for review.

### 1. *BIA's Summary Affirmance*

■ Lin contends that the BIA's affirmance without opinion of the IJ's decision in his case constituted an abuse of its discretion. This argument is foreclosed by our rulings in *Yu Sheng Zhang v. United States Department of Justice*, 362 F.3d 155, 157–58 (2d Cir.2004) (per curiam), and *Arango–Aradondo v. INS*, 13 F.3d 610, 613 (2d Cir.1994). In short, because the IJ's decision "contains sufficient reasoning and evidence to enable [a reviewing court] to determine that the requisite factors were considered," *Arango–Aradondo v. INS*, 13 F.3d at 613; *see Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003), the BIA's summary affirmance is not a ground for granting Lin's petition for review.

### 2. *Denial of Lin's Application for Asylum and Withholding of Removal*

Lin submits that the BIA's decision in his case is not supported by substantial evidence, *see Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003) (per curiam); *Secaida–Rosales v. INS*, 331 F.3d at 306–07, because the IJ erred in finding Lin's testimony at his asylum hearing not to be credible.

Lin confronts a heavy burden because we generally defer to the IJ's factual findings as to witness credibility as long as they are supported by "specific, cogent" reasons, *Secaida–Rosales v. INS*, 331 F.3d at 307 (internal quotation marks omitted), and substantial evidence, *see Wu Biao Chen v. INS*, 344 F.3d at 275; *see also Jin Shui Oiu v. Ashcroft*, 329 F.3d 140, 146 n. 2 (2d Cir.2003). We will reverse only on a showing that "a reasonable fact finder would be compelled to credit [the applicant's] testimony." *Wu Biao Chen v. INS*, 344 F.3d at 275–76 (citing *INS v. Elias–Zacarias*, 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)). This is not such a case.

■ The IJ's "negative credibility finding" was supported by "myriad inconsistencies" both (1) between Lin's asylum application and his hearing testimony and (2) within his hearing testimony. IJ Oral Decision, Jan. 2, 2002, at 8. Lin submits that some of these inconsistencies were minor. We have ruled that in cases "[w]here an applicant's testimony is generally consistent, rational, and believable," minor inconsistencies "need not be fatal to credibility." *Diallo v. INS*, 232 F.3d 279, 288 (2d Cir.2000). In Lin's case, however, minor inconsistencies were not an exception to a generally consistent and believable account. To the contrary, inconsistencies, often with respect to events at the heart of his claim for relief, permeated Lin's testimony. Indeed, when Lin was afforded an opportunity to clarify some of the most troubling inconsistencies or to expand on vague testimony, *see generally Jin Shui Qiu v. Ashcroft*, 329 F.3d at 152, more inconsistencies emerged. Under these circumstances, the IJ reasonably

* The Honorable Victor Marrero of the United States District Court for the Southern District of New York, sitting by designation.

concluded that Lin had not provided credible testimony. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 182 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d at 308–09.

Lin does not dispute the existence of the identified inconsistencies; instead, he proffers various explanations to excuse them. Under the substantial evidence test, however, an applicant must offer more than a plausible explanation for his inconsistent statements; he must demonstrate that the IJ was *compelled* to credit his testimony. *See Wu Biao Chen v. INS,* 344 F.3d at 275. As the Supreme Court has cautioned, a reviewing court cannot supplant an agency's findings of fact "merely by identifying alternative findings that could be supported by substantial evidence." *Arkansas v. Oklahoma,* 503 U.S. 91, 113, 112 S.Ct. 1046, 117 L.Ed.2d 239 (1992). Accordingly, because the numerous inconsistencies identified by the IJ provide substantial evidence to support his adverse credibility finding, we defer to that decision.

We note that the IJ's rejection of Lin's claim of a well-founded fear of persecution in China was further supported by evidence that Lin had voluntarily returned to China in 1995 to visit his mother and exited without suffering any reprisals or recriminations.

In sum, we reject both Lin's claim that the BIA abused its discretion in summarily denying his application for asylum and withholding of removal and his claim that the decision was not supported by substantial evidence. Accordingly, we DENY his petition for review.